**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
(State)

Case number (If known): _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1. Debtor's name** | Dextera Surgical Inc. | |
| **2. All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | Cardica, Inc. | |
| **3. Debtor's federal Employer Identification Number (EIN)** | 94 - 3287832 | |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 900    Saginaw Drive <br> Number    Street | Number    Street |
| | P.O. Box |
| Redwood City    CA    94063 <br> City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| San Mateo County <br> County | Number    Street |
| | City    State    ZIP Code |

**5. Debtor's website (URL)**    https://www.dexterasurgical.com/

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1
24147196.1 12/11/2017


American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor   Dextera Surgical Inc.                                 Case number (*if known*) _____
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101 (51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

3391

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201 A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____   When _____   Case number _____
                                    MM / DD / YYYY
         District _____   When _____   Case number _____
                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
☐ Yes.   Debtor _____   Relationship _____
         District _____   When _____
                                                    MM / DD / YYYY
         Case number, if known _____

---

Official Form 201                    Voluntary Petition for Non-Individuals Filing for Bankruptcy                    page 3
24147196.1 12/11/2017



Debtor **Dextera Surgical Inc.**      Case number (*if known*) _____
     Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
     Number     Street

_____
City     State     ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☒ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 3
24147196.1 12/11/2017

American LegalNet, Inc.
www.FormsWorkFlow.com

Debtor  Dextera Surgical Inc.
_____Name_____                    Case number (*if known*) _____

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/11/2017
             MM / DD / YYYY

✗ /s/ Julian Nikolchev                                    Julian Nikolchev
Signature of authorized representative of debtor          Printed name

Title  President and CEO

**18. Signature of attorney**

✗ /s/ Mark Minuti                                         Date  12/11/2017
Signature of attorney for debtor                                MM / DD / YYYY

Mark Minuti
Printed name
Saul Ewing Arnstein & Lehr LLP
Firm name
1201        N. Market Street, Suite 2300
Number      Street
Wilmington                                                DE              19801
City                                                      State           ZIP Code

(302) 421-6840                                            Mark.minuti@saul.com
Contact phone                                             Email address

2659                                                      DE
Bar number                                                State



Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

# Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  000-51772  .

2. The following financial data is the latest available information and refers to the debtor's condition on  Sept. 30, 2017 .

   a. Total assets                                                    $ 6,530,000.00

   b. Total debts (including debts listed in 2.c., below)              $ 14,821,000.00

   c. Debt securities held by more than 500 holders

   Approximate number of holders:

   secured ☐  unsecured ☐  subordinated ☐  $ _____  _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____  _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____  _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____  _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____  _____

   d. Number of shares of preferred stock                              172
   e. Number of shares common stock                                    48,206,226

   Comments, if any: _____

3. Brief description of debtor's business: Surgical & Medical Instruments & Apparatus

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
None.

Official Form 201A        Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11



DEXTERA SURGICAL INC.

**<u>SECRETARY'S CERTIFICATE</u>**

The undersigned hereby certifies, solely in his capacity as an officer of the Company and in no other capacity, as follows:

**1.** I am the duly elected and acting Secretary of Dextera Surgical Inc., a Delaware corporation (the "Company");

**2.** Attached hereto as **Exhibit 1** are resolutions approved by the Board of Directors of the Company at a meeting held on December 11, 2017 (the "Resolutions"); and

**3.** The Resolutions have not been revoked, modified, rescinded or amended and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, I have hereunto ascribed my name this 11 day of December, 2017.

_/s/ Robert Y. Newell IV_
Robert Y. Newell IV
Secretary

# **EXHIBIT 1**

**RESOLVED**, that, in the judgment of the Board of Directors of Dextera Surgical Inc., a Delaware corporation (the "Company"), it is desirable and in the best interests of the Company and its stockholders, as well as its creditors, employees, and other interested parties, that there be (i) a sale of substantially all of the Company's assets, and (ii) an orderly liquidation and winddown of the Company's remaining assets by and through the filing of a voluntary petition by the Company for protection under chapter 11 of title 11 of the United States Bankruptcy Code (hereinafter, a "Chapter 11 Bankruptcy"), and the Company therefore hereby consents to and approves and ratifies such Chapter 11 Bankruptcy filing; and it is further

**RESOLVED**, that Julian Nikolchev, President and CEO of the Company, and Robert Y. Newell, IV, Chief Financial Officer of the Company (each, an "Authorized Officer") each be and hereby is authorized, empowered and directed, on behalf of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware in such form and at such time as an Authorized Officer executing said petition on behalf of the Company shall determine; and it is further

**RESOLVED**, that each Authorized Officer be and hereby is authorized, empowered and directed, on behalf of and in the name of the Company, to execute, verify and/or file or cause to be filed and/or executed or verified (or to direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action which they deem necessary, proper or desirable in connection with the Chapter 11 Bankruptcy; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Bankruptcy or any matter related thereto, be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that in connection with the Chapter 11 Bankruptcy, (a) the Board authorizes and approves the execution, delivery and performance of an asset purchase agreement (the "Asset Purchase Agreement") between the Company and Aesculap, Inc., substantially on the terms of the draft asset purchase agreement, which has been provided to the Board and with such changes thereto as an Authorized Officer executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments and instruments in connection therewith (together with the Asset Purchase Agreement, the "Purchase Documents"), and (b) each Authorized Officer be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the Purchase Documents, as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Purchase Documents and other arrangements necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Bankruptcy, such determination to be conclusively evidenced by such execution or taking of such action; and it is further

**RESOLVED**, that in connection with the Chapter 11 Bankruptcy, (a) the Board authorizes and approves the execution, delivery and performance of a Post-Petition Loan and Security Agreement (the "DIP Loan Agreement") between the Company and Aesculap, Inc. or its designee, substantially on the terms of the draft DIP Loan Agreement, which has been provided to the Board and with such changes thereto as the Authorized Officer executing the same shall approve, and any other agreements, consents, certificates, amendments, assignments and instruments in connection therewith (together with the Purchase Documents, the "DIP Loan Documentation"), and (b) each Authorized Officer be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the Purchase Documents, as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Purchase Documents and other arrangements necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Bankruptcy, such determination to be conclusively evidenced by such execution or taking of such action; and it is further

**RESOLVED**, that the law firm of Saul Ewing Arnstein & Lehr LLP be, and hereby is employed under a general retainer to render legal services to, and to represent, the Company as bankruptcy counsel in connection with the Chapter 11 Bankruptcy and any other related matters in connection therewith on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that the law firm of Cooley LLP be, and hereby is, employed under a general retainer to render legal services to, and to represent, the Company as special corporate counsel in connection with the Chapter 11 Bankruptcy and any other related matters in connection therewith on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that the firm of JMP Securities, LLC be, and hereby is employed to render financial advisory and investment banking services to, and to represent, the Company as financial advisor and investment banker in connection with the Chapter 11 Bankruptcy and any other related matters in connection therewith on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that the firm of Rust Consulting/Omni Bankruptcy, a division of Rust Consulting, Inc., be, and hereby is employed to (i) render noticing and claims agent services, and (ii) assist in the preparation of the Company's statement of financial affairs and schedules of assets and liabilities in connection with the Chapter 11 Bankruptcy on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized, empowered and directed, on behalf of, and in the name of the Company, to retain such other professionals as they deem appropriate during the course of the Chapter 11 Bankruptcy; and it is further

**RESOLVED**, that any person dealing with each Authorized Officer in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by such Authorized Officer's execution of any instrument, certificate, notice or

document, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to pay all necessary and reasonable fees and expenses incurred in connection with the transactions contemplated by these resolutions; and it is further

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon each Authorized Officer, each Authorized Officer be, and hereby is, authorized, empowered and directed to take or cause to be taken all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents and to incur all such fees and expenses, on behalf of and in the name of the Company, as in their judgment shall be necessary, appropriate or advisable to carry out fully the intent and purposes of the foregoing resolutions and each of them; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by each Authorized Officer prior to adoption of these resolutions with respect to the matters contemplated by these resolutions, including, without limitations, actions lawfully taken by each Authorized Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Bankruptcy or any matter related thereto be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

| Debtor name | Dextera Surgical Inc. |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | |
| Case No. (If known) | |

Official Form 204

# Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | HCP LS Redwood City, LLC<br>Attn: Naja Hunter<br>HCP Life Science REIT File 51141<br>Los Angeles, CA 94063 | HCP LS Redwood City, LLC<br>Tel: 415-772-0491<br>Email: naja.hunter@cbre.com | Landlord | | | | $123,131.99 |
| 2 | Connor Group LLC<br>Attn: Katy Voeks<br>3979 Freedom Cir #700<br>Santa Clara, CA 95054 | Connor Group LLC<br>Tel: 650-224-2418<br>Email: receivables@connorgp.com | Trade | | | | $106,071.25 |
| 3 | The NASDAQ Stock Market<br>Attn: Birute Kirtiklyte<br>805 King Farm Blvd<br>Rockville, MD 20850 | The NASDAQ Stock Market<br>Tel: 800-955-3898<br>Fax: 301-978-4910<br>Email: Birute.Kirtiklyte@nasdaq.com | Trade | | | | $65,000.00 |
| 4 | Cooley Godward Kronish LLP<br>Attn: Lane Stahl<br>3175 Hanover St<br>Palo Alto, CA 94304 | Cooley Godward Kronish LLP<br>Tel: 415-693-2676<br>Fax: (650) 849-7400<br>Email: lstahl@cooley.com | Trade | | | | $60,264.61 |
| 5 | BDO<br>Attn: Ahmad Ejaz<br>50 West San Fernando St., Suite 200<br>San Jose, CA 95113 | BDO<br>Tel: (408) 352-1993<br>Email: aejaz@bdo.com | Trade | | | | $52,500.00 |

**Debtor name** Dextera Surgical Inc.                                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  Quine IP Law Group<br>Attn: Gary Baker<br>2033 Clement Ave, Suite 200<br>Alameda, CA 94501 | Quine IP Law Group<br>Tel: 510-337-7871<br>Fax: 510-337-7877<br>Email: Gbaker@quinelaw.com | Trade | | | | $45,259.76 |
| 7  Moss Adams LLP<br>Attn: Stacey Dell<br>635 Campbell Technology Pkwy<br>Campbell, CA 95008 | Moss Adams LLP<br>Tel: 408-558-7500<br>Fax: 408-879-9485<br>Email: stacey.dell@mossadams.com | Trade | | | | $44,659.50 |
| 8  Brunk Industries<br>Attn: Lona Paul<br>1225 Sage Street<br>Lake Geneva, WI 53147 | Brunk Industries<br>Tel: (262) 249-2460<br>Fax: (262) 248-1057<br>Email: lparker@brunk.com | Trade | | | | $40,133.13 |
| 9  Computershare<br>Attn: Dan Spengel<br>250 Royall Street<br>Canton, MA 02021 | Computershare<br>Tel: (415) 677-5008<br>Fax: (415) 677-5014<br>Email: daniel.spengel@computershare.com | Trade | | | | $25,825.00 |
| 10 Spectralytics<br>Attn: Kurt Harmala, Sheila Dagner<br>145 3rd Street South<br>P.O. Box L<br>Dassel, MN 55325 | Spectralytics<br>Tel: 320-626-3090<br>Fax: 320-275-299<br>Email: sdagner@spectralytics.com | Trade | | | | $23,458.77 |
| 11 Vista IP Law Group<br>Attn: Peter Mei<br>2160 Lundy Ave, Suite 230<br>San Jose, CA 95131 | Vista IP Law Group<br>Tel:  408.321.8663<br>Fax: 408.877.1662<br>Email: peter.mei@viplawgroup.com | Trade | | | | $22,412.05 |

Debtor name **Dextera Surgical Inc.**

Case No. (If known)

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12  Expedite Precision Works Inc.<br>Attn: Orlando Teixeira, Yousuff Habibullahkhan<br>931 Berryessa Road<br>San Jose, CA 95133 | Expedite Precision Works Inc.<br>Tel: 408-573-9600<br>Email: yousuffk@expediteprecision.com | Trade | | | | $18,146.00 |
| 13  Norman Noble, Inc.<br>Attn: Karen Alexander-Perry<br>5507 Avion Park Drive<br>Highland Hts, OH 44143 | Norman Noble, Inc.<br>Tel: 216-851-4218<br>Email: kalexander-perry@normannoble.net | Trade | | | | $18,043.30 |
| 14  Inspire Products, Inc.<br>Attn: William Rivera<br>8748 Technology Way, Ste E<br>Reno, NV 89521 | Inspire Products, Inc.<br>Tel: 775-410-6174<br>Email: williamr@inspireproduct.com | Trade | | | | $17,516.00 |
| 15  Technical Manufacturing West<br>Attn: Jenn Lopez<br>25110 Rye Canyon Loop<br>Valencia, CA 91355 | Technical Manufacturing West<br>Tel: 661.295.7226<br>Fax: 661.295.4997<br>Email: jlopez@tmwmedical.com | Trade | | | | $16,606.60 |
| 16  Target CW<br>9475 Chesapeake Drive<br>San Diego, CA 92123 | Target CW<br>Tel:  888.388.8873<br>Fax: 858.810.3001<br>Email: payments@targetCW.com, info@targetcw.com | Trade | | | | $14,477.65 |
| 17  Interplex Etch Logic LLC<br>Attn: Kathy Litchfield, Jill Stowers<br>54 Venus Way<br>Attleboro, MA 02703 | Interplex Etch Logic LLC<br>Email: jill.stowers@us.interplex.com | Trade | | | | $13,112.25 |

**Debtor name** Dextera Surgical Inc.

Case No. (If known) _____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18  Roberts Swiss Inc.<br>Attn: Jeffrey Bastin<br>1387 W. Ardmore Avenue<br>Itasca, IL 60143 | Roberts Swiss Inc.<br>Tel: 630-467-9100<br>Email: jbastin@rswiss.com | Trade | | | | $12,680.92 |
| 19  T.O. Plastics<br>Attn: Laura Kiffmeyer<br>830 County Road 75<br>P.O. Box 37<br>Clearwater, MN 55320 | T.O. Plastics<br>Tel: 320-558-5560<br>Email: lkiffmeyer@toplastics.com | Trade | | | | $11,352.62 |
| 20  Baird Industries<br>Attn: Yajaira Laucell<br>1 Hollywood Avenue, Bldg #12<br>Hohokus, NJ 07423 | Baird Industries<br>Tel: 201-652-6335<br>Email: ylaucell@bairdindustries.com | Trade | | | | $9,449.16 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| Dextera Surgical Inc.,[1] | Case No. 17-_____ (\_\_\_\_) |
| Debtor. | |

**STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following is the list of all corporations, other than a governmental entity, that directly or indirectly own 10% or more of any class of the above captioned Debtor's equity interests:

| Owner Name | % of Units Owned |
|---|---|
| Dextera Surgical Inc. | N/A |

---

[1] The last four digits of the Debtor's federal tax identification number are 7832. The Debtor's address is 900 Saginaw Drive, Redwood City, CA 94063.

24147211.1 12/11/2017

| | |
|---|---|
| **Debtor Name** | Dextera Surgical Inc. |
| **United States Bankruptcy Court for the District of Delaware** | |
| **Case Number:** | |

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets- Real and Personal Property*   (Official Form 206 A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property*   (Official Form 206 D)

☐ *Schedule E/F: Creditors Who Have Claims Unsecured Claims*   (Official Form 206 E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases*   (Official Form 206 G)

☐ *Schedule H: Executory Contracts and Unexpired Leases*   (Official Form 206 H)

☐ *Summary of Assets and Liabilities for Non-Individuals*   (Official Form 206Sum)

☐ *Amended Schedule*

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ *Other document that requires a declaration*   Corporate Ownership Statement

I, the President and Chief Executive Officer of the Dextera Surgical Inc., declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 7 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Executed on: 12/11/2017
MM / DD / YYYY

Signature  /s/ Julian Nikolchev

Printed Name  Julian Nikolchev

Title  President and Chief Executive Officer